IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANNE MARIE CHAMBERS, )
)
Petitioner, )
)
v. ) Civil Action No. 3:19CV126–HEH
)
D.K. WILLIAMS, )
)
Respondent. )

## MEMORANDUM OPINION
(Dismissing 28 U.S.C. § 2255 Petition for Want of Jurisdiction)

Anne Marie Chambers, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241 petition to the United States District Court for the District of Connecticut. That Court found the § 2241 petition to be a successive, unauthorized § 2255 motion ("Successive § 2255 Motion," ECF No. 6) and transferred the Successive § 2255 Motion to this Court. (ECF No. 7.)

Chambers was convicted of conspiracy to possess with intent to distribute crack cocaine, use of a firearm during a drug trafficking crime, and importing cocaine into the United States. *See United States v. Chambers*, Nos. 95–5362, 95–5364, 95–5363, 95–5496, 1996 WL 511484, at *1 (4th Cir. Sept. 10, 1996). The Court sentenced Chambers to 480 months of incarceration. *See United States v. Chambers*, No. 3:94CR89 (E.D. Va. May 1, 1995), ECF No. 91. The Fourth Circuit affirmed her convictions and sentence. *See Chambers*, 1996 WL 511484, at *1–4. Since that time, her sentence has been reduced twice, and she is now serving a 360-month term of imprisonment. *Chambers*,

No. 3:94CR89 (E.D. Va. May 23, 2012 & Mar. 14, 2016), ECF Nos. 301, 327. By Memorandum Opinion and Order entered on September 3, 1998, the Court denied a 28 U.S.C. § 2255 motion filed by Chambers. *Chambers*, No. 3:94CR89 (E.D. Va. Sept. 3, 1998), ECF Nos. 180, 181. Chambers has also filed several successive, unauthorized § 2255 motions that have been dismissed by the Court. *Chambers v. Williams*, No. 3:17CV640–HEH, 2017 WL 4767691, at *1–3 (E. D. Va. Oct. 20, 2017); *Chambers*, No. 3:94CR89 (E.D. Va. May 1, 2002, Jan. 9, 2006, Nov. 28, 2016), ECF Nos. 203, 234, 336, 337. In her present Successive § 2255 Motion, Chambers challenges her conviction for use of a firearm during a drug trafficking crime and resulting sentence.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Court has not received authorization from the Fourth Circuit to file the present Successive § 2255 Motion. Therefore, the Successive § 2255 Motion (ECF No. 6) will be dismissed without prejudice for want of jurisdiction.

Chambers is incarcerated in Danbury Federal Correctional Institution, in Danbury, Connecticut. Accordingly, Chambers should have filed a § 2241 petition in the district

where she is confined. *See* § 28 U.S.C. § 2241(a); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). The Court is aware that Chambers indeed filed her § 2241 petition in that court and that Court transferred the action here. Thus, to the extent that Chambers intended to file a § 2241 petition, not a successive § 2255 motion, she should note an appeal of the United States District Court for the District of Connecticut's judgment to the United States Court of Appeals for the Second Circuit.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Chambers has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: Feb 28 2019
Richmond, Virginia

3